United States Court of Appeals,

Fifth Circuit.

No. 91–8562

Summary Calendar.

UNITED STATES of America, Plaintiff–Appellee,

v.

Maria Dolores CAMARENA, Defendant–Appellant.

Sept. 28, 1992.

Appeal from the United States District Court for the Western District of Texas.

Before KING, EMILIO M. GARZA and DeMOSS, Circuit Judges.

PER CURIAM:

Following a direct appeal of her conviction, Camarena filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence. The district court denied the motion, and Camarena appeals. Finding no error, we affirm.

I

Maria Dolores Camarena was indicted on 58 counts of unlawfully structuring currency transactions with domestic financial institutions for the purpose of evading the currency reporting requirements of 31 U.S.C. § 5313(a). The indictment charged that Camarena's conduct was part of a pattern of illegal activity involving $545,900 over a 12–month period, in violation of 31 U.S.C. §§ 5324(1) and (3) and 5322(b).

After a jury trial, Camarena was convicted on all 58 counts and sentenced to a prison term of five years for each count, to be served concurrently, and a fine of $250,000. The district court suspended all but six months of the prison sentence and placed Camarena on unsupervised probation for a period of five years. Camarena's conviction was affirmed on appeal. *United States v. Camarena,* 863 F.2d 880 (5th Cir.1988), *cert. denied,* 490 U.S. 1106, 109 S.Ct. 3158, 104 L.Ed.2d

1021 (1989).

Following Camarena's direct appeal, she filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Camarena's motion put at issue the constitutionality of the currency reporting requirements of 31 U.S.C. § 5313(a). According to Camarena, application of the statute violated her privilege against self-incrimination. The district court ordered the government to show cause why Camarena's motion should not be granted. Subsequently, the district court denied Camarena's motion, reasoning:

> The statute and regulations require financial institutions, such as banks, to report currency transactions, not individuals such as the Petitioner. Consequently, there is no way in which the statute and regulations can violate her personal privilege against self-incrimination. *United States v. Mickens,* 926 F.2d 1323, 1331 (2d Cir.1991) [, *cert. denied,* ––– U.S. –––, 112 S.Ct. 940, 117 L.Ed.2d 111 (1992) ]. Furthermore, the information financial institutions are required to report under Section 5313(a) does not necessarily implicate anyone in the commission of a crime. *United States v. Mickens, supra* at 1331.

Record on Appeal, vol. 1 at 5, No. 91–8562 (5th Cir. filed Oct. 28, 1991).

## II

This court has not addressed the question whether the currency reporting statutes violate the Fifth Amendment's privilege against self-incrimination. The Second, Ninth and Tenth Circuits have, however, considered this question and they have all rejected the argument that the currency reporting statutes violate the Fifth Amendment. *See Mickens,* 926 F.2d at 1331; *United States v. Hoyland,* 914 F.2d 1125, 1130 (9th Cir.1990); *United States v. Kaatz,* 705 F.2d 1237, 1242 (10th Cir.1983); *see also United States v. Kimball,* 711 F.Supp. 1031, 1032–34 (D.Nev.1989); *United States v. Bucey,* 691 F.Supp. 1077, 1084 (N.D.Ill.1988).

Although this circuit has not yet decided the issue whether the currency reporting statutes violate the Fifth Amendment's privilege against self-incrimination, we find the above-cited decisions well-reasoned and, accordingly, we hold that the currency reporting statutes do not violate

Camarena's privilege against self-incrimination.

III

For the foregoing reasons, we AFFIRM.